**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | | |
|---|---|---|
| JAMES GHAISAR, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 1:18-cv-1296 |
| | ) | (CMH/IDD) |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| ________________________________ | ) | |

**MEMORANDUM IN SUPPORT OF THE UNITED STATES' MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 12(b)(1) and Local Rule 7(F)(1), Defendant, the United States, by and through undersigned counsel, submits this memorandum of law in support of its motion to dismiss Plaintiffs James and Kelara Ghaisar's ("Plaintiffs") complaint for lack of subject matter jurisdiction.

## INTRODUCTION

According to the allegations of Plaintiffs' complaint, Bijan Ghaisar fled the scene of a traffic accident and then evaded the United States Park Police's attempt to stop his vehicle twice. After officers stopped Mr. Ghaisar a third time and Mr. Ghaisar attempted to drive away yet again, officers fired into his vehicle, ultimately killing him. A federal criminal investigation into these events remains ongoing at this time. Because Plaintiffs – the personal representatives and co-administrators of Mr. Ghaisar's estate – have failed to present a proper administrative claim to the Department of Interior prior to filing the instant action, this Court lacks subject matter jurisdiction to consider their claims. Although Plaintiffs still have time to submit a

proper administrative claim to the Department of Interior and exhaust their administrative remedies before filing a *new* lawsuit, because Supreme Court precedent establishes that subject matter jurisdiction must exist at the time of filing and cannot be cured retroactively, their failure to exhaust administrative remedies *before* filing the instant action fully precludes this Court's subject matter jurisdiction over the instant action.[1]

On January 24, 2018, without first obtaining the necessary authority from a Virginia circuit court to assert legal claims on behalf of Mr. Ghaisar's estate, Mr. Ghaisar's parents and sister submitted an administrative claim to the Department of Interior asserting tort claims for wrongful death. On August 3, 2018, Mr. Ghaisar's parents and sister filed a lawsuit (prior to the instant action) against the United States and anonymous federal officers asserting Virginia common law tort claims under the Federal Tort Claims Act ("FTCA") and constitutional torts against both the United States and anonymous federal officers. *See Ghaisar, et al. v. United States*, 1:18-cv-954. On October 2, 2018, the United States moved to dismiss the action for lack of subject matter jurisdiction, explaining (in relevant part) that the plaintiffs in that action lacked authority under Virginia law to assert tort claims in federal court on behalf of Mr. Ghaisar's estate because they had not been appointed as representatives of the estate by a Virginia circuit court. The United States further explained that, for the same reason, the plaintiffs in that action had failed to exhaust their administrative remedies under the FTCA with the Department of Interior because they had not had the appropriate legal authority to assert any claim on behalf of

---

[1] *See McNeil v. United States*, 508 U.S. 106, 107, 113 (1993) (holding an FTCA action *cannot* "be maintained when the claimant failed to exhaust his administrative remedies prior to filing suit" and subsequently "did so before substantial progress was made in the litigation"); *see also Bloch v. Executive Office of the President*, 164 F. Supp. 3d 841, 863 (E.D. Va. 2016) (holding that the submission of an administrative claim *after* the commencement of a district court action "cannot remedy the jurisdictional fact that [the plaintiff] failed to comply with the statute" requiring exhaust *before* filing suit (citing 28 U.S.C. § 2675(a)).

Mr. Ghaisar's estate *at the time* that they submitted their administrative claim. Ostensibly recognizing this threshold problem, the plaintiffs voluntarily dismissed the action on October 15, 2018, and, on that same day, Mr. Ghaisar's parents were appointed by the Fairfax County Circuit Court as representatives of his estate – ten months *after* submitting their administrative claim to the Department of Interior.

Rather than submitting an administrative claim with the Department of Interior as the lawful representatives of Mr. Ghaisar's estate now that they actually had the legal authority to do so, the Plaintiffs in *this* action instead filed this civil action the next day, on October 16, 2018. But, the FTCA makes clear that this Court lacks subject matter jurisdiction to entertain FTCA claims that were not first properly presented to the agency, 28 U.S.C. § 2675. Plaintiffs – who have brought the instant action exclusively "in their official capacity as co-administrators and personal representatives of the Estate of Bijan Ghaisar," Compl. ¶ 27 – have failed to properly present any such claim for two reasons.

First, the January 2018 claim submitted by Mr. Ghaisar's parents cannot constitute a proper administrative claim in this action, which was filed exclusively on behalf of Mr. Ghaisar's estate, because they lacked legal authority to submit any such claim. The regulations implementing the FTCA make clear that "[a] claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law." 28 C.F.R. § 14.3; 43 C.F.R. § 22.3(a) (applying 28 C.F.R. § 14.3 to the Department of Interior). Because Mr. Ghaisar's parents plainly lacked any such authority to present an administrative claim to the Department of Interior when they submitted the January 2018 administrative claim, that claim is a legal nullity. As such, Plaintiffs – who have brought this claim exclusively in their official capacity as the

personal representatives of Mr. Ghaisar's estate – have failed to exhaust their administrative remedies.

Second, separate and apart from Mr. Ghaisar's parents' lack of legal authority to submit the January 2018 administrative claim, that claim could not have exhausted Plaintiffs' administrative remedies because it was incomplete. The FTCA regulations make clear that an administrative claim can only be "deemed to have been presented" when it "is accompanied by evidence of [the person signing the claim's] authority to present a claim on behalf of the claimant . . . ." 28 C.F.R. § 14.2(a). Here, because the January 2018 administrative claim lacked "evidence of [Mr. Ghaisar's parents'] authority to present a claim on behalf of [Mr. Ghaisar's estate]," the January 2018 administrative claim was never properly presented as required by the FTCA regulations.

As such, because Plaintiffs failed to properly present *any* administrative claim to the Department of Interior prior to filing the instant action, the United States respectfully requests that this action be dismissed against the United States in its entirety for lack of subject matter jurisdiction.

## FACTUAL BACKGROUND[2]

Plaintiffs allege that, on November 17, 2017, Bijan Ghaisar fled the scene of a traffic accident on George Washington Memorial Parkway in Virginia. Compl. (Dkt. No. 1) ¶¶ 63, 69. After Mr. Ghaisar fled the scene of the accident, two United States Park Police officers began pursuing his vehicle. *Id.* ¶ 72. Mr. Ghaisar pulled his vehicle over, but when the Park Police officers reached his vehicle, he drove away, evading the police. *Id.* ¶¶ 85, 88. The Park Police

[2] The United States accepts as true the well-pled factual allegations in Plaintiffs' complaint exclusively for purposes of this motion.

continued their pursuit until Mr. Ghaisar pulled over a second time, but when the officers reached his vehicle, Mr. Ghaisar again drove away, evading the police. *Id*. ¶¶ 91-92. The Park Police continued their pursuit until Mr. Ghaisar stopped a third time. *Id*. ¶¶ 94-95. When the officers again approached his window, Mr. Ghaisar began driving away yet again, at which point the officers fired into Mr. Ghaisar's vehicle, ultimately killing him. *Id*. ¶¶ 97, 102-03, 156.

Mr. Ghaisar's parents submitted an administrative tort claim to the Department of Interior on January 24, 2018, for purported torts committed by the United States Park Police arising out of the death of Mr. Ghaisar. *Id*. ¶¶ 32, 39, 41; Compl. Ex. A; Compl. Ex. B; *see also* 28 U.S.C. § 2675(a). At the time of the submission of that administrative claim, however, Mr. Ghaisar's parents had not been appointed as representatives of Mr. Ghaisar's estate by a Virginia circuit court as required by the Virginia Death by Wrongful Act Statute, codified at Virginia Code § 8.01-50. *See* Compl. Ex. C. They were not appointed representatives of Mr. Ghaisar's estate until October 15, 2018, nearly ten months after they submitted their administrative tort claim. *Id*.

The instant civil action was filed in this Court the very next day, on October 16, 2018 (Dkt. No. 1). The caption identifies the Plaintiffs in this civil action as the "Personal Representatives and Co-Administrators of the Estate" of Mr. Ghaisar, and the body of the complaint identifies that the Plaintiffs "bring[] this action [] in their official capacities as co-administrators and personal representatives of the Estate of Bijan Ghaisar." Compl. (Dkt. No. 1) caption & ¶ 27. In their current legal posture as the personal representatives and co-administrators of Mr. Ghaisar's estate, Plaintiffs have never submitted an administrative claim to the Department of Interior.

## STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction, possessing only the jurisdiction granted to them by the United States Constitution and by federal statute. *See Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); *Strawn v. AT&T Mobility*, 530 F.3d 293, 296 (4th Cir. 2008). When a district court lacks subject matter jurisdiction over an action, the action must be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506-07 (2006). When determining whether jurisdiction exists, "the district court is to regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment. . . ." *Richmond, Fredericksburg & Potomac Railroad Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A court should grant a motion to dismiss when "the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Balfour Beatty Infrastructure, Inc. v. Mayor and City Council of Baltimore*, 855 F.3d 247, 251 (4th Cir. 2017).

## ARGUMENT

This Court lacks subject matter jurisdiction over all of Plaintiffs' claims against the United States – Counts 1 through 5 – because Plaintiffs failed to exhaust their administrative tort remedies by presenting a valid administrative claim to the Department of Interior prior to filing the instant action. Plaintiffs have brought this action *solely* "in their official capacity as co-administrators and personal representatives of the Estate of Bijan Ghaisar." *See* Compl. (Dkt. No. 1) ¶ 27. But, because neither of Mr. Ghaisar's parents had been appointed as the representatives of his estate under Virginia law at the time that they submitted the January 2018 administrative claim, the representatives of Mr. Ghaisar's estate – as a legal entity – did not exist

at the time that that administrative claim was submitted, and *no* administrative claim has ever been submitted by any plaintiff with legal authority to present such a claim.

The United States enjoys sovereign immunity from suit unless Congress has explicitly waived such immunity. *See FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Pittston Co. v. United States*, 199 F.3d 694, 701 (4th Cir. 1999). Through the FTCA, Congress has waived the United States' sovereign immunity, and – as a general matter – allowed the United States to be held liable for the tortious acts of its employees. *See* 28 U.S.C. § 1346(b)(1) (waiving the United States' sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment"). The United States' waiver of sovereign immunity, however, is limited and subject to a series of specific exceptions, each of which is considered jurisdictional in nature. *See Medina v. United States*, 259 F.3d 220, 223-24 (4th Cir. 2001). One such exception is the FTCA's requirement that claimants exhaust their administrative remedies with the appropriate federal agency before bringing suit in federal court. *See* 28 U.S.C. § 2675(a). Section 2675(a) provides:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have *first presented the claim* to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a) (emphasis added). *See also Perkins v. United States*, 55 F.3d 910, 917 (4th Cir. 1995) ("even if [plaintiff] could state a cause of action for loss of consortium . . . , this Court would have no jurisdiction to hear the case because she failed to first submit those claims as administrative claims and exhaust her administrative remedies."). This requirement "is

jurisdictional and may not be waived." *Ahmed v. United States*, 30 F.3d 514, 516 (4th Cir. 1994); *Wheatley v. United States*, 201 F.3d 439, 1999 WL 1080121, at *2 (4th Cir. 1999) (same).

As the Fourth Circuit has explained, to exhaust administrative remedies, "[a]n administrative claim must be properly presented." *Kokotis v. United States Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). Failure to meet each of the elements of proper presentment in the implementing regulations "deprives a district court of jurisdiction over any subsequently filed FTCA suit." *See id*. Here, *only* administrative claim submitted regarding Mr. Ghaisar's death was not properly presented for two reasons: first, the claim was not submitted by anyone with legal authority to submit such a claim; and second, the claim did not contain all requisite components of an administrative claim.

## I. The January 2018 Administrative Claim Was Not Submitted by Anyone With Legal Authority to Present Such a Claim

Although Mr. Ghaisar's parents submitted an administrative claim to the Department of Interior on January 24, 2018, they lacked any legal authority to present such a claim on behalf of Mr. Ghaisar's estate – the plaintiff in this action. As the FTCA's implementing regulations explain, any "claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law." 28 C.F.R. § 14.3(c); 43 C.F.R. § 22.3(a) (adopting 28 C.F.R. § 14.3 into the Department of Interior's regulations). Here, the sole administrative claim regarding Mr. Ghaisar's death – the January 2018 administrative claim – was not presented by anyone meeting *any* of these criteria for presenting such a claim.

*First*, the January 2018 administrative claim was not submitted by "the executor or administrator of the decedent's estate." 28 C.F.R. § 14.3(c). As of January 24, 2018, Plaintiffs had not been appointed "the executor or administrator of the decedent's estate." 28 C.F.R. §

14.3(c); Compl. Ex. A.; Compl. Ex. B; Compl. Ex. C. Indeed, Plaintiffs did not even become co-administrators of Mr. Ghaisar's estate until nearly ten months later, on October 15, 2018. *See* Compl. Ex. C. As such, the January 2018 claim was not presented by the "executor or administrator of the decedent's estate." 28 C.F.R. § 14.3(c).

*Second*, Mr. Ghaisar's parents also lacked authority to present the January 2018 administrative claim as "any other person legally entitled to assert such a claim in accordance with applicable State law" because Virginia law *only* authorizes a properly appointed administrator of the estate to assert a legal claim on behalf of the estate. Virginia law requires that an individual be duly appointed by an appropriate circuit court *prior* to asserting claims on behalf of an estate, and also makes clear that *only* an administrator of an estate duly appointed by a Virginia circuit court can assert a claim on behalf of that estate regarding the decedent's death. At bottom, Plaintiffs here have *only* sued "in their official capacity as co-administrators and personal representatives of the Estate of Bijan Ghaisar," as thus had to have been appointed as such by a proper Virginia Circuit Court *before* submitting an administrative tort claim to the Department of Interior.

Virginia law provides that "[w]henever the death of a person shall be caused by the wrongful act, neglect, or default of any person or corporation . . . and the act, neglect, or default is such that would, if death had not ensued, have entitled the party injured to maintain an action . . . and to recover damages in respect thereof," the cause of action "shall be brought by and in the name of the personal representative of such deceased person." Va. Code § 8.01-50(A) & (C). The Virginia Supreme Court has made clear that "[a] wrongful death action is not an action 'personal to the personal representative,' rather the personal representative, as plaintiff, 'is merely a surrogate for the beneficiaries of the cause of action named in Code § 8.01-53[,]'" *i.e.*,

the beneficiaries of the decedent's estate. *Johnston Mem. Hosp. v. Bazemore*, 277 Va. 308, 312 (Va. 2009) (quoting *Horn v. Abernathy*, 231 Va. 228, 237 (Va. 1986)). To qualify as a personal representative, the plaintiff must be properly appointed as the administrator of the decedent's estate by a Virginia circuit court. *See Johnston*, 277 Va. at 312-15 (dismissing wrongful death action brought by decedent's wife because she failed to be appointed as the administratrix of the estate prior to filing suit, despite the fact that she was the "real party in interest").[3]

The Virginia Supreme Court further explained that "a wrongful death action may *only* 'be brought by and in the name of the personal representative of [the] deceased person.'" *See Johnston*, 277 Va. at 315 (emphasis added; quoting Va. Code § 8.01-50(B), which has been recodified as subsection C); *see also Bradley v. Johnson & Johnson*, 2012 WL 1957812, at *2-3 (E.D. Va. May 30, 2012) (dismissing tort action for lack of subject matter jurisdiction because "Plaintiff fails to offer any other argument or evidence demonstrating that he has been properly qualified as a personal representative of the decedent's estate. He therefore lacks standing to bring this wrongful death action."). As one Virginia court explained, "[t]he Virginia Code vests the right of action for a wrongful death in the 'personal representative,' and *only* the personal representative may file a wrongful death suit in Virginia." *Fowler Winchester Med. Ctr., Inc.*, 59 Va. Cir. 216, 2002 WL 31989093, at *2 (Va. Cir. 2002) (emphasis added; internal quotations omitted)). Moreover, regardless of a putative claimant's relationship to the decedent, the Virginia Supreme Court has made clear that anyone who has not been formally appointed as the

[3] Virginia circuit courts are "court[s] of general jurisdiction regarding probate and the grant of administration of estates." *Bolling v. D'Amato*, 259 Va. 299, 303 (Va. 2000) (citing Va. Code Ann. §§ 64.1-75, 64.1-116, 64.1-118, recodified at §§ 64.2-454, 64.2-500, 64.2-502). A Virginia circuit court may appoint an administrator of the estate for all purposes, *see* Va. Code Ann. §§ 64.2-500 and 64.2-502, or alternatively, it may appoint an administrator of the estate exclusively for purposes of pursing "a civil action for personal injury or death by wrongful act . . . ." *Id*. § 64.2-454.

representative of the estate "lack[s] standing to bring th[e] wrongful death action for the reason that he [i]s not the personal representative of the decedent's estate." *Bolling*, 259 Va. at 304; *see also Johnston*, 277 Va. at 315. Thus, because Mr. Ghaisar's parents had not been appointed as administrators of Mr. Ghaisar's estate, they lacked authority to submit the January 2018 administrative tort claim.

Moreover, although Mr. Ghaisar's parents potentially were his heirs when they submitted the January 2018 administrative claim to the Department of the Interior, this fact alone did not vest them with legal authority to assert an administrative tort claim on behalf of Mr. Ghaisar's estate (again, the sole Plaintiff in the instant civil action) under Virginia law. Indeed, in *Johnston*, the Virginia Supreme Court directly rejected this exact theory, explaining that the mere fact that a decedent's wife was the "real party in interest" did not give her standing to file a wrongful death action because she had failed to be appointed as the administrator of the estate prior to filing suit. 277 Va. at 312-15. The court explained that because the decedent's wife "had not qualified as the personal representative of her husband's estate when this wrongful death action was filed, the named plaintiff, which was not a legal entity at that time, lacked standing to file the action." *Id*. at 315. The January 2018 claim thus was not submitted by any "other person[s] legally entitled to assert such a claim in accordance with applicable State law," and thus was not properly presented by anyone with *any* legal authority to submit the claim. 28 C.F.R. § 14.3(c). As such, the January 2018 claim is entirely a legal nullity that did not – and could not – exhaust administrative remedies for any claims presented on behalf of Mr. Ghaisar's estate.

*Third*, the fact that Mr. Ghaisar's parents *later* obtained legal authority to represent his estate cannot *retroactively* make their administrative tort claim proper. Indeed, the Virginia

Supreme Court has expressly held that an individual's *subsequent* appointment as the personal representative of an estate cannot "relate back and validate" a legal claim that had previously been filed on behalf of the estate *without* the individual's proper qualification. *Douglas v. Chesterfield Cnty Police Dep't*, 251 Va. 363, 367-68 (Va. 1996). The Virginia Supreme Court repeatedly has held that any legal claim filed by an individual who has not been appointed as the personal representative of an estate by a Virginia court "is a nullity," *Johnston*, 277 Va. at 310, and "ha[s] no legal effect," *Harmon v. Sajadi*, 273 Va. 184, 198 (Va. 2007). In *Harmon*, the Virginia Supreme Court explained that a prior suit that a plaintiff had filed *before* being appointed as the personal representative of an estate "had no legal effect and, as a nullity, could not toll the running" of the applicable statute of limitations. *Harmon*, 273 Va. at 198.

Furthermore, Virginia law makes clear that an absolute distinction exists from the law's perspective between a claimant who has *not* been appointed the personal representative of the estate and that *same* individual *after* he has been so appointed. *See, e.g.*, *Johnston*, 277 Va. at 315 (holding that a lawsuit filed by the decedent's wife *prior to being appointed administratrix* could not toll the statute of limitations for a subsequent suit brought by the wife *as the administratrix* because the legal entity of the administratrix "was not a legal entity" at the time the prior suit was filed); *Fowler v. Winchester Med. Ctr., Inc.*, 266 Va. 133, 136 (Va. 2003). In *Fowler*, the plaintiff – the decedent's wife – filed suit prior to being appointed as the administratrix of the estate. *See Fowler*, 266 Va. at 134. When the plaintiff attempted to nonsuit the action in order to take advantage of the tolling provisions of Virginia's nonsuit rules, the Virginia circuit court instead dismissed the action with prejudice. *Id*. The plaintiff appealed, asserting that she should be afforded the opportunity to be appointed administratrix of the estate and refile within the time limits afforded by Virginia's nonsuit provisions. *Id*. The

Virginia Supreme Court rejected this reasoning, explaining that, at the time the plaintiff filed the original action, "she was not qualified as the decedent's personal representative in Virginia or any other state; consequently she will never be able to file a new suit as a qualified personal representative and claim that she is 'substantially the same party' as the plaintiff in the first suit." *Id*. at 136.

Here, too, Mr. Ghaisar's parents had not been properly appointed as the administrators of his estate at the time they submitted the January 2018 administrative claim. And, although they have *now* been so appointed, Virginia law makes clear that their current capacities as administrators of the estate are not even "*substantially* the same party" as the claimants in the January 2018 claim. *Id*. (emphasis added). As such, Plaintiffs – as the administrators of Mr. Ghaisar's estate – have *never* submitted a proper administrative claim. For this reason alone, this Court lacks subject matter jurisdiction over the instant action and it must be dismissed.

**II. The January 2018 Administrative Claim Was Incomplete**

Even if the January 2018 administrative claim could be deemed to have been presented by Plaintiffs as the administrators of Mr. Ghaisar's estate despite their lack of legal authority to present such a claim (and it cannot), Plaintiffs still have failed to exhaust their administrative remedies because the January 2018 claim was incomplete. As the FTCA's implementing regulations make clear, a claim is properly presented to an agency only when the agency receives all three critical components of an administrative claim: (1) "an executed Standard Form 95 ["SF-95"] or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident;" (2) "the title or legal capacity of the person signing [the claim];" and (3) "evidence of [the person signing the claim's] authority to present a claim on

behalf of the claimant as agent, executor, administrator, parent [for a minor child], or guardian, or other representative." 28 C.F.R. § 14.2(a) (emphasis added); 43 C.F.R. § 22.3(a) (adopting 28 C.F.R. § 14.2 into the Department of Interior's regulations); *see also Ahmed*, 30 F.3d at 517 (noting requirements of presentment); *Kokotis*, 223 F.3d at 278 (same). Here, Plaintiffs did not include – and could not have included – any "evidence of [their] authority to present a claim on behalf of the claimant as . . . executor [or] administrator" "of the claimant" (here, Mr. Ghaisar's *estate*) because they had no such authority. *See* Compl. Ex. A; Compl. Ex. B; Compl. Ex. C. Plaintiffs thus have failed to properly present a claim to the Department of Interior.

By failing to properly present an administrative claim to the Department of Interior, Plaintiffs have failed to exhaust their administrative remedies, thus depriving this Court of subject matter jurisdiction. *See* 28 U.S.C. § 2675(a); *McNeil*, 508 U.S. at 110-11 (requiring dismissal for failure to exhaust administrative remedies); *Plyler*, 900 F.2d at 42-43 (same). As another jurist in this district has explained, "[b]ecause 'the requirement of filing an administrative claim is jurisdictional and may not be waived,' [a] plaintiff's failure to exhaust his administrative remedies requires dismissal without prejudice for lack of subject matter jurisdiction." *Bloch*, 164 F. Supp. 3d at 861 (quoting *Kokotis*, 223 F.3d at 278). Because Plaintiffs do not – and cannot – establish that they had legal authority to submit their January 24, 2018, administrative claim, have failed to exhaust their administrative remedies, thus requiring dismissal of this action.

As such, all of Plaintiffs' claims against the United States – Counts One through Five – must be dismissed for lack of subject matter jurisdiction because (1) Plaintiffs lacked authority to present their January 24, 2018, administrative claim, (2) Plaintiffs did not gain legal authority to submit a claim until October 15, 2018, and (3) now that Plaintiffs are the proper legal entity

entitled to assert the claims alleged in this action, they have failed to exhaust administrative remedies prior to filing this suit.[4]

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Plaintiffs' complaint be dismissed in its entirety against the United States.

Respectfully submitted,

G. ZACHARY TERWILLIGER
UNITED STATES ATTORNEY

By: /s/

DENNIS C. BARGHAAN, JR.
Deputy Chief, Civil Division
Assistant U.S. Attorney
KIMERE J. KIMBALL
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3891/3763
Fax: (703) 299-3983
Email: dennis.barghaan@usdoj.gov
Email: kimere.kimball@usdoj.gov

DATE: December 17, 2018

ATTORNEYS FOR THE UNITED STATES

[4] Dismissal of this action does not deprive the proper legal entity of recourse. Plaintiffs assert that the events giving rise to this action occurred on November 17, 2017, *see* Compl. ¶ 2, and 28 U.S.C. § 2401(b) affords a properly appointed administrator of the estate two years to file an administrative claim.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I filed the foregoing via the CM/ECF system, which will send a Notification of Electronic Filing to the following:

Stephen Arthur Fredley
Thomas Gerard Connolly
HARRIS WILTSHIRE & GRANNIS LLP
sfredley@hwglaw.com
tconnolly@hwglaw.com

/s/

KIMERE J. KIMBALL
Assistant U.S. Attorney
2100 Jamieson Avenue
Alexandria, Virginia 22314
Telephone: (703) 299-3763
Fax: (703) 299-3983
Email: kimere.kimball@usdoj.gov

ATTORNEY FOR THE UNITED STATES

DATE: December 17, 2018