IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| JAMES GHAISAR, ET AL., | ) |
| Plaintiffs, | ) |
| v. | ) Civil Action No. 1:18-cv-1296 |
| UNITED STATES OF AMERICA, ET AL., | ) |
| Defendants. | ) |

## Memorandum Opinion

THIS MATTER comes before the Court on Defendant United States' Motion to Dismiss pursuant to Rule 12(b)(6) for failure to state a claim.

Plaintiffs, James Ghaisar and Kelara Ghaisar, parents of Bijan Ghaisar, bring this case alleging wrongful death and personal injury against Defendant United States. Plaintiffs allege that on November 17, 2017, Bijan Ghaisar fled the scene of a traffic accident on George Washington Memorial Parkway in Virginia. Plaintiffs allege that two United States Park Police officers began pursing Bijan's vehicle after he fled the scene of the traffic accident. A Fairfax County, Virginia police officer joined the pursuit and turned on his dashboard video camera.

Plaintiffs allege Bijan stopped on three different occasions while be followed by police. Plaintiffs contend Bijan carefully

and slowly drove away from the officers the first two times he stopped. Plaintiffs further allege that when Bijan stopped the third time, the officers blocked his vehicle and confronted him with guns. Plaintiffs assert that the officers fired nine times into Bijan's car, four of which struck him. Bijan was taken to the hospital and remained in a coma for 10 days until he died on November 27, 2018.

According to the Plaintiffs, the Justice Department's Civil Rights Division, the U.S. Attorney's Office in Washington, DC, and the Federal Bureau of Investigation ("FBI") are conducting a criminal investigation of Bijan's death.

Plaintiffs filed its complaint in this court on October 16, 2018. Plaintiffs bring this action, in their official capacity as co-administrators and personal representatives of the Estate of Bijan Ghaisar, alleging five claims against the United States: 1) negligence (wrongful death action); 2) assault and battery (wrongful death action); 3) false arrest and imprisonment (wrongful death action); 4) initial infliction of emotion distress; and 5) negligent infliction of emotional distress.

Defendant United States filed its Motion to Dismiss under federal rule of civil procedure 12(b)(6) for lack of subject matter jurisdiction on December 17, 2018. Plaintiffs filed a response in opposition and a hearing was held on January 18, 2019, in which the Court considered the United States' Motion to Dismiss. The

2

Court finds it lacks subject matter jurisdiction as to Defendant United States.

A motion to dismiss tests the sufficiency of the complaint. See Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). In a Rule 12(b)(6) motion to dismiss, the court must accept all well-pled facts as true and construe those facts in the light most favorable to the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The complaint must provide a short and plain statement showing that the pleader is entitled to relief, Fed. R. Civ. P. 8(a)(2), and it must state a plausible claim for relief to survive a motion to dismiss, Iqbal, 556 U.S. at 679. The court does not accept as true any "unwarranted inferences, unreasonable conclusions, or arguments." E. Shore Markets, Inc. v. J.D. Associates Ltd., 213 F.3d 175, 180 (4th Cir. 2000). If the complaint does not state a plausible claim for relief, the court should dismiss the claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Plaintiff's complaint fails to allege sufficient facts and claims to establish subject matter jurisdiction of this Court as to Defendant United States. First, it is well-established that the United States and its agencies enjoy sovereign immunity from lawsuits unless Congress has explicitly waived such immunity. See FDIC v. Meyer, 510 U.S. 471, 475-76 (1994). This Court's jurisdiction over matters concerning the United States and its

3

agents as Defendants are limited to the small number of exceptions Congress has granted to sovereign immunity. See Medina v. U.S., 259 F. 3d 220 223-24 (2002). One way in which Congress has abrogated immunity is through the Federal Torts Claims Act ("FTCA"), which authorizes tort actions against the United States. The FTCA conditions this Court's jurisdiction over any claim brought pursuant to its provisions on presentment of an administrative claim to the allegedly responsible agency and final denial of that claim by the agency. See 28 U.S.C. § 2675(a) (requiring that a claimant exhaust administrative remedies before bringing suit in federal district court); see also McNeil v. U.S., 508 U.S. 106 (1993). To exhaust administrative remedies, "an administrative claim must be properly presented." Kokotis v. United States Postal Serv., 223 F.3d 275, 278 (4th Cir. 2000).

In this case, Plaintiffs have failed to properly exhaust their administrative tort claims with the Department of Interior, the responsible agency in the matter. On January 24, 2018, Bijan's parents submitted an administrative tort claim to the Department of Interior for alleged torts committed by the United States Park Police arising out of Bijan's death. At the time, Bijan's parents were not appointed representatives of Bijan's estate by a Virginia circuit court as required by the Virginia Death by Wrongful Act statute, Virginia Code § 8.01-50. Bijan's parents, Plaintiffs in this case, were appointed representatives of Bijan's estate on

October 15, 2018 and filed suit in this court the next day as representatives of his estate.

When Bijan's parents submitted an administrative claim to the Department of Interior in January 2018, they lacked any legal authority to present such a claim on behalf of Bijan's estate. The FTCA's regulations state that any "claim based on death may be presented by the executor or administrator of the decedent's estate, or by any other person legally entitled to assert such a claim in accordance with applicable State law." At the time the administrative claim was submitted by Bijan's parents, they did not meet these criteria for presenting a claim.

Plaintiffs agree that claims I-III, all of which seek recovery for wrongful death, should be dismissed for lack of subject matter jurisdiction. However, Plaintiffs argue that claims IV and V of the complaint seek recovery claims against the United States for personal injury suffered on their own behalf, rather than on behalf of Bijan's estate. Plaintiffs argue that claims IV and V of the Complaint seek recovery for "severe emotional pain and suffering" suffered by Mr. and Mrs. Ghaisar as a result of the Park Police officer's conduct, and these claims are not tethered to Bijan's estate. They further contend that they did not need to be appointed administrators of the estate before seeking recovery for their own injuries. Plaintiffs argue that because they made an administrative filing on their own behalf for their personal injury

5

claims, the administration remedies were exhausted, and thus, this Court has subject matter jurisdiction over claims IV and V.

Plaintiffs argue they need not have been appointed as the personal representatives of Bijan Ghaisar's estate in order to assert personal injury claims. However, at the time Plaintiffs presented claims IV and V to the Department of Interior, it is uncertain that they made clear they were making these claims on behalf of themselves, rather than on behalf of the estate.

Plaintiffs failed to exhaust their administrative remedies. Therefore, under the FTCA this Court lacks subject matter jurisdiction over Plaintiffs' claims I-V.

For the foregoing reasons, the Court finds that Defendant's Motion to Dismiss should be granted. An appropriate order shall issue.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
January 30, 2019