**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | |
|---|---|
| JAMES GHAISAR, *et al.*, | ) |
| | ) Civil Action No. 1:19-cv-01296 (CMH/IDD) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| ALEJANDRO AMAYA, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF
DEFENDANT LUCAS VINYARD'S MOTION TO EXTEND
THE RESPONSE DATE FOR THE AMENDED COMPLAINT**

Defendant Lucas Vinyard, through undersigned counsel and pursuant to Fed. R. Civ. P. 6(b) moves to extend the time to respond to the Amended Complaint by 30 days, thereby making the response due on or before June 27, 2019.

The allegations in this case arise out the death of decedent, Bijan C. Ghaisar, who was allegedly shot by two United States Park Police Officers, Alejandro Amaya and Lucas Vinyard (Defendants), on November 17, 2017. As set forth in the Amended Complaint, Mr. Ghaisar's estate (Plaintiffs) alleges that Defendants actions on that day violated Mr. Ghaisar's Fourth Amendment right against unreasonable force.

The Department of Justice Civil Rights Division and the United States Attorney's Office for the District of Columbia have been investigating this shooting since it occurred and are determining whether the alleged shooting was justified under the unique circumstances presented in this case. Both the factual nucleus of those potential charges and the applicable law (the Fourth Amendment) share significant factual overlap with the core facts and law of the instant

1

civil suit. Both will turn upon the reasonableness of the Defendants' actions under the unique circumstances of this case

Officer Vinyard needs additional time to investigate and analyze the Amended Complaint allegations and evaluate what impact these may have on the Department of Justice's criminal investigation before he responds to the Amended Complaint. This constitutes good cause for extending the time to respond to the Amended Complaint because it is well settled that "[f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action[.]" *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *see Burns v. Anderson*, 2006 WL 2456372, at *3 (E.D. Va. Aug. 22, 2006) ("a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice.") (quoting *Sec. and Exch. Comm'n v. First Fin. Group of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1981)).

The interests of justice in this case favor granting the extension requested, as responding to the Amended Complaint will directly implicate Officer Vinyard's Fifth Amendment right against self-incrimination. For example, paragraphs 76 through 90 relay a detailed version of key events which Officer Vinyard would never have to directly comment upon in a criminal matter. *See In re Morganroth,* 718 F.2d 161, 164–65 (6th Cir. 1983) ("The [F]ifth [A]mendment privilege not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.") (citing *Lefkowitz v. Turley,* 414 U.S. 70 (1973)). Forcing him to do so in civil case would undermine this right and thereby cause him to "suffer[] substantial and irreparable prejudice," as prosecutors could use these representations to build a

case against him. *Id*.; *see In re Grand Jury Subpoena*, 866 F.3d 231, 235 (5th Cir. 2017) ("a movant with the 'purest of motives' would, in the event the civil case was allowed to proceed, gain access to materials otherwise unobtainable and, in so doing, potentially harm the ***related criminal investigation***.") (emphasis added).

Any concern of prejudicial delay by Plaintiffs pales in comparison to this concern. Moreover, given that the United States will likely be joined as a party once Plaintiffs have exhausted the required administrative remedies, any delay that occurs in the interim will likely have occurred regardless. Finally, this is the first motion to extend by Officer Vinyard, and thus no delay has occurred thus far.

## Conclusion

Accordingly, the Court should grant Defendant Lucas Vinyard's motion to extend the time to respond to the Amended Complaint by 30 days from the current response date of May 28, 2019, thereby making the response due on or before June 27, 2019.

May 28, 2019

Respectfully submitted,

/s/ *Stuart Sears*
Stuart Sears (Va. Bar No. 71436)
SCHERTLER & ONORATO, LLP
901 New York Avenue, N.W.
Suite 500
Washington, D.C. 20001
Telephone: 202-628-4199
ssears@schertlerlaw.com
*Counsel for Defendant Lucas Vinyard*