IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | ) | |
|---|---|---|
| **JAMES GHAISAR,** *et al.*, | ) | Civil Action No. 1:19-cv-01296 (CMH/IDD) |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **ALEJANDRO AMAYA,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

### MEMORANDUM OF LAW AND AUTHORITIES IN SUPPORT OF ALEJANDRO AMAYA'S MOTION TO EXTEND THE RESPONSE DATE FOR THE AMENDED COMPLAINT

Alejandro Amaya, through undersigned counsel and under Fed. R. Civ. P. 6(b), moves this Court to extend the time to respond to the Amended Complaint by 30 days to on or before June 27, 2019.

The allegations in the Amended Complaint center around the death of Bijan C. Ghaisar. According to the Amended Complaint two United States Park Police ("USPP") Officers, Alejandro Amaya and Lucas Vinyard, shot Mr. Ghaisar on November 17, 2017.  Mr. Ghaisar's estate ("Plaintiffs") alleges that the actions of Mr. Amaya and Mr. Vinyard violated Mr. Ghaisar's Fourth Amendment right against unreasonable force.

The Department of Justice, Civil Rights Division, Criminal Section and the United States Attorney's Office for the District of Columbia continue to investigate this shooting.  They are determining whether the shooting was justified under the law.  Both the nucleus of the criminal

1

matter and the nucleus of the instant civil case share significant facts. Both will turn on the reasonableness of the actions of Mr. Amaya and Mr. Vinyard.

USPP Officer Amaya requests that this Court afford him additional time to investigate and analyze the Amended Complaint's allegations and evaluate what impact these may have on the Department of Justice's criminal investigation before he responds to the Amended Complaint. This constitutes good cause for extending the time to respond to the Amended Complaint because it is well settled that "[f]ederal courts have deferred civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seemed to require such action[.]" *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970); *see Burns v. Anderson*, 2006 WL 2456372, at *3 (E.D. Va. Aug. 22, 2006) ("a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial and irreparable prejudice.") (quoting *Sec. and Exch. Comm'n v. First Fin. Group of Tex., Inc.,* 659 F.2d 660, 668 (5th Cir. 1981)).

The interests of justice in this case favor granting the extension requested because a response to the Amended Complaint will directly implicate USPP Officer Amaya's Fifth Amendment right to silence. For example, paragraphs 76 through 90 detail a version of key events which USPP Officer Amaya would never have to directly comment upon in a criminal matter. *See In re Morganroth,* 718 F.2d 161, 164–65 (6th Cir. 1983) ("The [F]ifth [A]mendment privilege not only protects the individual against being involuntarily called as a witness against himself in a criminal prosecution but also privileges him not to answer questions put to him in any other proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings.") (citing *Lefkowitz v. Turley,* 414 U.S. 70 (1973)). Forcing USPP Office Amaya to undermine this constitutional right to silence would

cause him to "suffer[] substantial and irreparable prejudice," as prosecutors would use his statements to build a case against him.  *Id.*; *see In re Grand Jury Subpoena*, 866 F.3d 231, 235 (5th Cir. 2017) ("a movant with the 'purest of motives' would, in the event the civil case was allowed to proceed, gain access to materials otherwise unobtainable and, in so doing, potentially harm the ***related criminal investigation***.") (emphasis added).

Any concern of prejudicial delay by Plaintiffs pales in comparison to Mr. Amaya's constituational concern.  Moreover, given that the United States will likely be joined as a party, once Plaintiffs have exhausted the required administrative remedies, any delay that occurs in the interim will likely have occurred regardless.  Finally, this is the first motion to extend by USPP Officer Amaya, and thus, he has caused no delay to date.

### Conclusion

Accordingly, the Court should grant USPP Officer Alejandro Amaya's Motion to Extend the Time to Respond to the Amended Complaint by 30 days from today May 28, 2019 to on or before June 27, 2019.

May 28, 2019                                                                       Respectfully submitted,

/s/ *John Hundley*
John Hundley (Va. Bar No. 36166)
LECLAIRRYAN
2318 Mill Road, Suite 1100
Alexandria, Virginia 22314
(703) 647-5957 Direct
john.hundley@leclairryan.com

Kobie A. Flowers (*pro hac vice* pending*)*
BROWN GOLDSTEIN LEVY, LLP
1717 K Street, NW, Suite 900
(202) 742-5969 Direct
kflowers @browngold.com

*Counsel for Alejandro Amaya*

3