# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JAMES GHAISAR et al., <br><br> Plaintiffs, <br><br> v. <br><br> Alejandro Amaya, et al., <br><br> Defendants. | Civil Action No. 1:18-cv-1296 (CMH/IDD) |

## OPPOSITION TO DEFENDANTS' MOTIONS FOR EXTENTION OF TIME

After waiting until the day their responses to Plaintiffs' Amended Complaint were due, Defendants Alejandro Amaya and Lucas Vinyard have each requested a 30-day extension of time, in virtually identical pleadings. These requests come 557 days after Mr. Amaya and Mr. Vinyard shot and killed Bijan Ghaisar. They come 298 days after Plaintiffs filed their John Doe complaint against the shooting officers (a publicly-filed complaint which received considerable media attention[1]), 60 days after Plaintiffs amended their complaint to include Mr. Amaya's and Mr. Vinyard's names, and 60 days after they served the amended complaint on Mr. Amaya and Mr. Vinyard.

Defendants have not provided any good cause for the requested extensions. *See* Fed. R. Civ. P. 6(b)(1)(A) (requiring "good cause" to extend time); Rule 7(I) of the Local Civil Rules for

---

[1] *See, e.g.,* washingtonpost.com/news/true-crime/wp/2018/08/03/family-of-accountant-shot-dead-by-u-s-park-police-officers-files-25-million-lawsuit/?utm_term=.1d1de4398d72; nbcwashington.com/news/local/Family-Files-25M-Lawsuit-in-Fatal-Shooting-by-US-Park-Police-489988121.html

1

the United States District Court for the Eastern District of Virginia ("Any requests for an extension of time relating to motions . . . will be looked upon with disfavor."). There are no extenuating circumstances sufficient to justify this eleventh-hour request.

Defendants point to a pending criminal investigation into Mr. Ghaisar's shooting, and state that that they need "additional time to investigate and analyze the Amended Complaint allegations" before they respond, in order to preserve their Fifth Amendment rights. Vinyard Mem. at 2; *see also* Amaya Mem. at 2. But as Defendants acknowledge, "[t]he Department of Justice Civil Rights Division and the United States Attorney's Office for the District of Columbia have been investigating this shooting since it occurred" in November 2017, *eighteen months* ago. Vinyard Mem. at 1; *see also* Amaya Mem. at 1. Defendants offer no explanation for why an additional 30 days of delay, on top of the 60 days they have already been afforded, will help them preserve any Fifth Amendment rights. They do not cite, and Plaintiffs are unaware of, any evidence that this sluggish criminal investigation will be concluded within 30 days. Nor do Mr. Amaya and Mr. Vinyard claim that the Department of Justice has requested that the civil matter be stayed—a request the Department of Justice would presumably make for itself if it were appropriate.

The Defendants do argue that "responding to the Amended Complaint will directly implicate [their] Fifth Amendment right against self-incrimination." Vinyard Mem. at 2; *cf.* Amaya Mem. at 2. But the law does not support such an expansive and unsubstantiated assertion of the Fifth Amendment in a civil action. "Many cases have held that parallel criminal and civil trials or investigations do not raise questions of constitutional magnitude with respect to the privilege against self-incrimination." *Hoover v. Knight*, 678 F.2d 578, 581 (5th Cir. 1982). *See also United States v. White,* 589 F.2d 1283, 1286 (5th Cir. 1979) (where defendant argued that

"being forced to *go to trial* in a civil case while criminal charges arising out of the same conduct were pending forced him to choose between preserving his fifth amendment privilege and losing the civil suit," Fifth Circuit dismissed defendant's argument as "overstat[ing] his dilemma," as he "was not forced to surrender his privilege against self-incrimination in order to prevent a judgment against him.") (emphasis added); *Sec. & Exch. Comm'n v. Dresser Indus., Inc.,* 628 F.2d 1368, 1375–76 (D.C. Cir. 1980) (noting that "the strongest case for deferring civil proceedings until after completion of criminal proceedings is where *a party under indictment* for a serious offense is required to defend a civil or administrative action involving the same matter" and that "[t]he Constitution [] does not ordinarily require a stay of civil proceedings pending the outcome of criminal proceedings") (emphasis added). The Supreme Court in *United States v. Kordel*, which Mr. Amaya and Mr. Vinyard cite, reached the same conclusion. *See United States v. Kordel*, 397 U.S. 1 (1970) (stay of civil proceedings until after disposition of criminal proceedings was not warranted, in part because there were no special circumstances suggesting that the parallel proceedings were unconstitutional or improper).

Here, Defendants are not (to Plaintiffs' knowledge) under indictment for their actions the night of November 17, 2017. Nor are they even close to going to trial in a civil case. In fact, the obligation from which the Defendants have asked to be excused is merely the obligation to *respond* to the Amended Complaint, which they can do in a completely non-testimonial way. Indeed, the most common response from federal officials in the Defendants' shoes is a motion to dismiss, which accepts all of the allegations of the complaint as true and specifically avoids adding any evidentiary statements at all. By unilaterally skipping the deadline for this type of non-testimonial response, the Defendants have now waived it. *See* Fed. R. Civ. P. 12(h)(1)(B)(i).

Mr. Amaya and Mr. Vinyard also claim that Plaintiffs will suffer no prejudice from the delay they request, "given that the United States will likely be joined as a party once Plaintiffs have exhausted the required administrative remedies" on their tort claims. Vinyard Mem. at 3; *see also* Amaya Mem. at 3. But Plaintiffs are only three months into the six-month process for exhausting their administrative remedies on their tort claims against the United States. If the administrative claims process results in a successful resolution, Plaintiffs may not need to file those tort claims before this Court. And even if they do, those separate claims against a separate entity provide no justification for Mr. Amaya and Mr. Vinyard's request for an additional month of delay, on top of the eighteen months that have already elapsed since Mr. Amaya and Mr. Vinyard shot and killed Bijan Ghaisar.

For all of these reasons, Plaintiffs respectfully request that this Court deny Defendants Alejandro Amaya's and Lucas Vinyard's Motions to Extend the Response Date. In the alternative, we ask the Court to limit any extension to the filing of an answer, and to make clear that the Defendants have waived their only opportunity to file motions to dismiss before answering.

Dated: May 29, 2019

Respectfully submitted,

/s/ Thomas G. Connolly
Thomas G. Connolly (VA Bar No. 29164)
Roy L. Austin, Jr. (appearing *pro hac vice*)
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street NW, 8th Floor
Washington, D.C. 20036
Telephone: 202-730-1300
*tconnolly@hwglaw.com*
*raustin@hwglaw.com*

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 29th day of May, 2019 I caused a true and correct copy of the foregoing to be filed and served using the Court's CM/ECF system, with electronic notification of such filing to all counsel of record.

/s/ Thomas G. Connolly
Thomas G. Connolly (VA Bar No. 29164)
HARRIS, WILTSHIRE & GRANNIS LLP
1919 M Street NW, 8th Floor
Washington, D.C. 20036
Telephone: 202-730-1300
*tconnolly@hwglaw.com*

*Counsel for Plaintiffs*