**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
Alexandria Division



FILED SEP 19 2019 CLERK, U.S. DISTRICT COURT ALEXANDRIA, VIRGINIA

| | |
|---|---|
| JAMES GHAISAR et al., <br><br> Plaintiffs, <br><br> v. <br><br> Alejandro Amaya, et al., <br><br> Defendants. | Civil Action No. 1:18-cv-1296 (CMH/IDD) |

**PROTECTIVE ORDER**

Upon consideration of the parties' Stipulated Protective Order, which was placed on the public docket, and pursuant to Fed. R. Civ. P. 26(c) and Rule 5(c) of the Local Rules for the United States District Court for the Eastern District of Virginia, THE COURT HEREBY FINDS as follows:

1. <u>Scope of Protective Order.</u> This Protective Order protects materials that are produced or disclosed by non-parties in discovery in this proceeding ("Non-Party Discovery Material"). All Non-Party Discovery Material shall presumptively be considered, and treated, as Confidential pursuant to this Order. Such material will be known collectively as "Confidential Discovery Material." Nothing in the terms of this Order shall restrict (1) the right of counsel for the parties to share Confidential Discovery Material with the parties; or (2) Plaintiffs' rights to rely on Confidential Discovery Material when filing a new complaint in this or a related action.

The protections conferred by this Order apply to Confidential Discovery Material (as defined above) and also (1) any information copied or extracted from Confidential Discovery Material; (2) all copies, excerpts, summaries, translations, or compilations of Confidential

Discovery Material; and (3) any oral, written, or electronic communications, testimony or presentations, including for purposes of settlement, by parties or their counsel that might reveal Confidential Discovery Material. However, the protections conferred by this Order do not cover information that is in the public domain at the time of disclosure to a receiving party or becomes part of the public domain after its disclosure to a receiving party as a result of publication not involving a violation of this Order.

This Order and its protections apply for pre-trial purposes only. The parties will meet and confer at the appropriate time regarding any use of Confidential Discovery Material at trial, which use shall be governed by a separate agreement or order.

If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the disclosing party must immediately (a) notify in writing all other parties of the unauthorized disclosures; (b) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (c) make all reasonable efforts to retrieve all unauthorized copies of the Confidential Discovery Material.

2. <u>Treatment of Confidential Discovery Material.</u> Following the receipt of Non-Party Discovery Material, the parties to this litigation shall designate it as Confidential Discovery Material. Such designation shall be in writing and shall identify the material to be treated as Confidential. A party making such designation shall label the designated materials, and any copies thereof, in its possession, custody, or control.

3. <u>Use of Confidential Discovery Material.</u> Confidential Discovery Material may be used solely for the purpose of this or a related action. Confidential Discovery Material may be disclosed only to the following persons:

  (a)  Any court in which this or a related action is pending;

  (b)  The parties to this or a related action to the extent reasonably necessary for the prosecution or defense of claims in this or a related action;

  (c)  Present agents of the parties;

  (d)  Outside counsel representing the parties and their support personnel whose functions require access to such Confidential Discovery Material;

  (e)  Any actual or potential witness to the extent reasonably necessary for the preparation for trial testimony in this or a related action, and counsel for such witness;

  (f)  Outside vendors who perform microfiching, photocopying, computer classification, or similar clerical functions, but only for so long as necessary to perform those services;

  (g)  Court reporters and other persons engaged in preparing transcripts of testimony or hearings for this or a related action;

  (h)  Experts retained or consulted by counsel of record for assistance in the preparation or prosecution of claims or defenses in this or a related action, to the extent reasonably necessary for such experts to prepare to assist counsel in this or a related action;

  (i)  Any other person who is so designated by order of the court in which this or a related action is pending.

  (j)  No Confidential Discovery Material may be disclosed to persons identified in subparagraphs (c), (e), (h), and (i) until they have reviewed this Order and executed a written agreement in the form attached hereto as Exhibit A, which executed agreements shall be maintained by counsel of record for the disclosing party and provided on request to other counsel of record.

5. <u>Exemption for Authors, Recipients, and Non-Parties Producing Confidential Discovery Material.</u>  Nothing in this Order shall be deemed to prohibit disclosure of any Discovery Material designated "Confidential" to such persons as appear on the face of the document to be its author or a recipient, and nothing in this Order shall be deemed to limit or prohibit any manner of use of any Discovery Material designated "Confidential" by the non-party producing such Confidential Discovery Material.

6. <u>No Waiver of Privilege.</u>  The production by a non-party of any document or other information subject to protection by the attorney-client privilege and/or the work-product doctrine or by another legal privilege protecting such information/documents from discovery shall not constitute a waiver of any privilege or other protection. The production of any privileged documents in this action pursuant to this provision also does not waive the privilege in connection with any other state or federal proceeding.

7. <u>Modification of this Order.</u>  Any party may apply to the Court for modification of this Order at any time or for the establishment of additional protection governing the use of Confidential Discovery Material.  Nothing in this Order shall preclude the parties to this Order from agreeing to amend or modify this Order, so long as any such agreement is in writing.

8. <u>Entry of Order by the Court.</u>  The parties agree to submit this Order for entry by the Court and to be bound by its terms prior and subsequent to entry by the Court.

DATED this 19th day of September, 2019.

IT IS SO STIPULATED:

_____    Dated: 9/11/19
John Hundley

_____    Dated: 9/11/19
Stuart Sears

_____    Dated: 9/11/19
Thomas Connolly

SO ORDERED:

                                     _____/s/_____
                                     Ivan D. Davis
                                     United States Magistrate Judge

5